**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4694-17T2

LYNX ASSET SERVICES,
LLC,

      Plaintiff-Respondent,

v.

YVONNE BOWERS, SR.,

      Defendant-Appellant.

_____

           Submitted June 15, 2020 – Decided June 30, 2020

           Before Judges Fisher and Fasciale.

           On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. C-000191-17.

           Yvonne Bowers, Sr., appellant pro se.

           Joshua Gerard Curtis, attorney for respondent.

PER CURIAM

      Defendant Yvonne Bowers, Sr., appeals a number of orders entered in this action, which plaintiff Lynx Asset Services LLC commenced to discharge a

notice of lis pendens defendant placed on property previously foreclosed on in an earlier lawsuit. We find no merit in defendant's arguments and affirm.

The lack of merit in defendant's arguments is revealed by the procedural history. In April 2009, Wachovia Bank, NA, filed a foreclosure action against defendant after she defaulted on a loan secured by a mortgage on her property in Belleville. Defendant did not respond to the complaint, and a judgment of foreclosure was entered in November 2010. Plaintiff substituted into the case for Wachovia in 2011 and, after several adjournments, a sheriff's sale was scheduled for late November 2011. On the day of the sale, defendant applied for an order that would stop it. The court denied the application and the sale occurred.

A week later, defendant moved to vacate the default judgment and sheriff's sale. The motion was denied. In April 2012, defendant moved a second time to vacate the default judgment and to dismiss the foreclosure action. That motion was also denied. Defendant filed a pleading entitled "motion to compel" in May 2012 that she later withdrew.

In July 2012, defendant filed a notice of appeal, seeking our review of the denial of her second motion to vacate. For reasons expressed in an unpublished opinion, we rejected her arguments and affirmed. Lynx Asset Services, LLC v.

2

Bowers, No. A-5101-11 (App. Div. Sept. 9, 2013). The Supreme Court denied defendant's petition for certification. 217 N.J. 303 (2014). Defendant followed that with a motion for reconsideration; the Court denied that motion as well.

Years later, in February 2017, defendant submitted to the Supreme Court a motion seeking a "temporary restraining order and preliminary injunction to prevent the sale of [the] property." These papers and defendant's filing fee were returned to her unfiled for reasons expressed by the Supreme Court in a March 28, 2017 letter. Another submission to the Supreme Court was similarly rejected a week later.

Undeterred, defendant filed a notice of lis pendens on the property, prompting plaintiff to commence this action in July 2017, seeking a discharge of the lis pendens and an order barring defendant from further attempting to encumber the property in the future. After defendant answered the complaint, plaintiff moved for summary judgment. The judge entered an order on January 5, 2018, that discharged the lis pendens but dismissed the rest of plaintiff's claims. Plaintiff moved later in the month for an order barring defendant from filing any further notices of lis pendens or taking any other action to challenge plaintiff's title to the property. On February 15, 2018, the assignment judge

3

denied the motion because plaintiff had not previously obtained relief under Rule 1:4-8.

In March 2018, defendant filed a motion alleging a "fraud on the court and violation of Consumer Fraud Act and denial of due process and equal protection." A few weeks later, plaintiff sent to defendant a Rule 1:4-8 letter, asserting that her motion was frivolous and advising that plaintiff would move for sanctions if it prevailed on defendant's motion.

Defendant did not withdraw her motion, which was denied on April 13, 2018. The following month, plaintiff moved for sanctions under Rule 1:4-8. On June 1, 2018, the judge granted plaintiff's motion and awarded plaintiff $6120 in fees. Defendant moved for reconsideration of the sanctions order, but filed a notice of appeal of the April 13 and June 1, 2018 orders before the reconsideration motion was heard. On June 22, 2018, the judge denied reconsideration, and defendant filed an amended notice of appeal to include, as a matter to be reviewed, the June 22, 2018 order.

In August 2018, defendant filed another notice of appeal, seeking review of the January 5, 2018 order. Plaintiff moved to dismiss this appeal as time-barred, and we granted that motion on March 18, 2019. Defendant then unsuccessfully moved in the Supreme Court for leave to appeal our March 18,

2019 order.  238 N.J. 470 (2019).  The Court also denied defendant's later motion

for reconsideration.  240 N.J. 385 (2020).

In appealing, defendant argues:

> I. TRIAL JUDGE ABUSED HIS DISCRETION BY DISCHARGING THE LIS PENDENS WHILE CASE WAS STILL PENDING.
>
> II. THE TRIAL JUDGE ABUSED HIS DISCRETION BY DENYING THE MOTION FOR FRAUD ON THE COURT BASED ON THE SHERIFF SALE NOT CHALLENGED.
>
> III. TRIAL JUDGE ABUSED HIS DISCRETION BY DENYING FRAUD ON THE COURT BASED ON THE ENTIRE CONTROVERSY DOCTRINE AND COLLATERAL ESTOPPEL.
>
> IV. TRIAL JUDGE ABUSED HIS DISCRETION BY DENYING THE MOTION FOR DENIAL OF DUE PROCESS AND EQUAL PROTECTION.
>
> V. TRIAL JUDGE ABUSED HIS DISCRETION BY DENYING THE MOTION FOR CONSUMER FRAUD ACT BASED ON THE FACT [THAT] THE CHANCERY DIVISION GRANT MONEY.
>
> VI. TRIAL JUDGE ABUSED HIS DISCRETION BY GRANTING THE MOTION FOR SANCTIONS.
>
> VII. TRIAL JUDGE ABUSED HIS DISCRETION BY DENYING RECONSIDERATION BASED ON BAD FAITH AND UNCLEAN HANDS.

A-4694-17T2

VIII. TRIAL JUDGE ABUSED HIS DISCRETION BY NOT PROCEEDING TO A PLENARY HEARING AND SUPPLEMENTING THE RECORD.

After close examination of the record, we find insufficient merit in these arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). As the record unmistakably reveals, the property was conclusively foreclosed on. This circumstance made impermissible defendant's attempts to place a cloud on title to the property. The motion judge properly discharged the notice of lis pendens and later, when defendant filed a frivolous motion, properly sanctioned her.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION